UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MELVIN SERGIO-NEHEMIAH HIGGINS, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL MUSIC GROUP, et al., <br><br> Defendants. | Case No. 1:18-cv-941 <br><br> Honorable Paul L. Maloney |

## REPORT AND RECOMMENDATION

Plaintiff brings this case *pro se* and was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. This action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(i), which provides that the court shall dismiss actions brought *in forma pauperis* at any time if the court determines that the action is frivolous. For the reasons stated herein, I recommend that the complaint be dismissed.

### Discussion

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.

On August 21, 2018, plaintiff filed this is a lawsuit against "President Donald J. Trump, all former presidents since the 1990s, former Supreme Court Justice

Kennedy, Universal Entertainment,[1] Sony Entertainment, Disney, Inc., and the people of the United States." (Compl. at 2, ECF No. 1, PageID.2).  Plaintiff seeks one hundred billion dollars in damages and other relief.  (*Id.*).

Plaintiff's complaint fails to provide specific factual allegations against any defendant.  A *pro se* complaint that merely names a person as a defendant without alleging specific conduct by that individual is subject to summary dismissal as frivolous.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Jakubowski v. Michigan Dep't of Corr.*, No. 1:18-cv-391, 2018 WL 1959494, at *3 (W.D. Mich. Apr. 26, 2018) (collecting cases).

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that I recommend dismissal of the complaint, I recommend that, should the Court dismiss the action, it also find that there is no good-faith basis for an appeal.

## Recommended Disposition

For the foregoing reasons, I recommend that the complaint be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  I further recommend that the Court find no good-faith basis for appeal.

Dated:  August 29, 2018                     /s/  Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge

---

[1] Universal Music Group is listed in the complaint's caption.  It is unclear whether plaintiff intended it as a separate defendant.

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).