UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MELVIN SERGIO-NEHEMIAH, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:18-cv-941 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| UNIVERSAL MUSIC GROUP, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

After Plaintiff Melvin Sergio-Nehemiah filed this complaint, the magistrate judge reviewed the pleading and issued a report recommending it be dismissed as frivolous. (ECF No. 6.) Plaintiff filed objections. (ECF No. 7.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A single sentence from the Report and Recommendation identifies the essential problem with the complaint: "Plaintiff's complaint fails to provide specific factual allegations against any defendant." Put another way, after reading the complaint and the objection, the Court does not know what any defendant did that caused this plaintiff some harm. Plaintiff

suggests, without any specific details, that the defendants "profited 20+ years from my work and creations." (Obj. PageID.16.) But, Plaintiff has not identified any particular work or creation, has not identified which defendant used that work or creation, or when any defendant used the work or creation.

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires a plaintiff to allege facts sufficient to state a claim for relief that is "plausible on its face." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). In his objection, Plaintiff asserts he is "the actual writer to all Music and Movie related since 1994." (Obj. PageID.17.) Such an utterly fantastic assertion is not "plausible on its face." Naked assertions without further factual enhancement, formulaic recitations of the elements of a cause of action, and mere labels and conclusions will be insufficient for a pleading to state a plausible claim. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted).

For these reasons, the Report and Recommendation (ECF No. 6) is **ADOPTED** as the Opinion of this Court. This lawsuit will be dismissed as frivolous. The Court has reviewed the complaint and the R&R and concludes that an appeal would not be brought in good faith. *See* 28 U.S.C. §1915(a)(3).

**IT IS SO ORDERED.**

Date:  September 11, 2018                    /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             United States District Judge